UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CLIFTON ODELL BELL, | |
| Plaintiff, | Civil Action No. 14-1072 (BAH) |
| v. | Judge Beryl A. Howell |
| UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, *et al.*, | |
| Defendants. | |

## MEMORANDUM OPINION

The *pro se* plaintiff in this action, Clifton Bell, seeks $5,000 in damages from the United States Department of Health and Human Services ("HHS") and Kaiser Foundation Health Plan Mid-Atlantic States, Inc. ("Kaiser") (collectively, the "defendants"), based on an alleged failure of Defendant Kaiser to reimburse the plaintiff for a medical co-pay. *See generally* Compl., ECF No. 1. Since the face of the complaint indicates that this Court does not have subject matter jurisdiction over this matter, the plaintiff's claim is dismissed.

## I. BACKGROUND

The plaintiff alleges that he underwent an "urgent and medically necessary" surgery for which he was required to pay a $5,000 co-pay, apparently because he was denied coverage approval from Kaiser for six months preceding the surgery. *See* Compl. at 1. The plaintiff alleges that by failing to reimburse him $5,000 for the surgery, "the plaintiff's binding health care contract was breached by Kaiser . . . ." *Id*. at 2. The plaintiff further alleges that the Defendant HHS "did approve the (said) 2011 breach." *Id*. The plaintiff requests a jury trial and an order that Kaiser reimburse him in the amount of $5,000. *Id*. at 1.

## II. LEGAL STANDARD

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" *Gunn v. Minton*, 133 S. Ct. 1059, 1064 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). Indeed, federal courts are "forbidden . . . from acting beyond our authority," *NetworkIP, LLC v. FCC*, 548 F.3d 116, 120 (D.C. Cir. 2008), and, therefore, have "an affirmative obligation 'to consider whether the constitutional and statutory authority exist for us to hear each dispute.'" *James Madison Ltd. by Hecht v. Ludwig*, 82 F.3d 1085, 1092 (D.C. Cir. 1996) (quoting *Herbert v. Nat'l Acad. of Scis.*, 974 F.2d 192, 196 (D.C. Cir. 1992)). Absent subject matter jurisdiction over a case, the court must dismiss it. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506 (2006); FED. R. CIV. P. 12(h)(3).

When considering whether subject matter jurisdiction exists over an action, the court must accept as true all uncontroverted material factual allegations contained in the complaint and "'construe the complaint liberally, granting plaintiff the benefit of all inferences that can be derived from the facts alleged' and upon such facts determine jurisdictional questions." *Am. Nat'l Ins. Co. v. FDIC*, 642 F.3d 1137, 1139 (D.C. Cir. 2011) (quoting *Thomas v. Principi*, 394 F.3d 970, 972 (D.C. Cir. 2005)). The court need not accept inferences drawn by the plaintiff, however, if those inferences are unsupported by facts alleged in the complaint or merely amount to legal conclusions. *See Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002). Moreover, in evaluating subject matter jurisdiction, the court, when necessary, "may 'undertake an independent investigation to assure itself of its own subject matter jurisdiction,'" and consider "facts developed in the record beyond the complaint." *Settles v. U.S. Parole Comm'n*, 429 F.3d 1098, 1107 (D.C. Cir. 2005) (quoting *Haase v. Sessions*, 835 F.2d 902, 908 (D.C. Cir. 1987)); *see also Herbert*, 974 F.2d at 197 (in disposing of motion to dismiss for lack of subject matter

jurisdiction, "where necessary, the court may consider the complaint supplemented by undisputed facts evidenced in the record, or the complaint supplemented by undisputed facts plus the court's resolution of disputed facts."); *Alliance for Democracy v. FEC*, 362 F. Supp. 2d 138, 142 (D.D.C. 2005). The burden of establishing any jurisdictional facts to support the exercise of subject matter jurisdiction rests on the plaintiff. *See Hertz Corp. v. Friend*, 559 U.S. 77, 96 (2010); *Thomson v. Gaskill*, 315 U.S. 442, 446 (1942*); Moms Against Mercury v. FDA*, 483 F.3d 824, 828 (D.C. Cir. 2007).

Litigants proceeding *pro se* are not held to the same standards in their filings as those represented by counsel, in order to ensure access to the judicial system even for those persons who lack an understanding of the procedural and substantive requirements of litigation. *See Moore v. Agency for Int'l Dev.,* 994 F.2d 874, 876 (D.C. Cir.1993) (citing *Haines v. Kerner,* 404 U.S. 519, 520 (1972)) ("Pro se litigants are allowed more latitude than litigants represented by counsel to correct defects in service of process and pleadings.")); *Childers v. Slater,* 197 F.R.D. 185, 188 (D.D.C. 2000) (noting that "*pro se* litigants generally are entitled to wider latitude than those who are represented by counsel"). Nevertheless, even for unsophisticated, untrained plaintiffs, courts require adherence to the Federal Rules of Civil Procedure and cannot be excused for the failure to establish subject matter jurisdiction. *see Moore,* 994 F.2d at 876,

## III.   DISCUSSION

Although the defendants have not moved to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), the Court may analyze subject-matter jurisdiction *sua sponte*. *See NetworkIP LLC*, 548 F.3d at 120 (explaining that "while arguments in favor of subject matter jurisdiction can be waived by inattention or deliberate choice, [Federal courts] are forbidden—as a court[s] of limited jurisdiction—from acting beyond our authority");

*Am. Library Ass'n v. FCC*, 401 F.3d 489, (D.C. Cir. 2005) ("It is well established that a federal court cannot act in the absence of jurisdiction, and that jurisdictional issues may be raised by the court *sua sponte*." (internal citation omitted)); *Doe by Fein v. District of Columbia*, 93 F.3d 861, 871 (D.C. Cir. 1996) (noting that jurisdiction "goes to the foundation of the court's power to resolve a case, and the court is obliged to address it *sua sponte*"). It is axiomatic that because "subject-matter jurisdiction is an 'Art. III as well as a statutory requirement . . . no action of the parties can confer subject-matter jurisdiction upon a federal court.'" *Akinseye v. District of Columbia*, 339 F. 3d 970, 971 (D.C. Cir. 2003) (quoting *Ins. Corp. of Ir., Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702, (1982)) (alteration in original).

In evaluating whether subject matter jurisdiction is present in this case, the Court is cognizant that it "must construe *pro se* filings liberally." *Richardson v. United States*, 193 F.3d 545, 548 (D.C. Cir. 1999). Nevertheless, "[a] pro se complaint, like any other, must present a claim upon which relief can be granted . . . ." *Crisafi v. Holland*, 655 F.2d 1305, 1308 (D.C. Cir. 1981). Construing the plaintiff's complaint liberally, the plaintiff appears to be alleging that the defendants breached a valid contract with him. *See generally* Compl. Since a breach of contract claim does not ordinarily involve a question of Federal law, if subject matter jurisdiction exists over this action in a district court, it must be premised on diversity jurisdiction pursuant to 28 U.S.C. § 1332.

Federal courts have "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between citizens of the different states." 28 U.S.C. § 1332(a)(1). Thus, subject matter jurisdiction over any action raised in diversity must satisfy a two-prong inquiry: (1) the amount in controversy

must exceed $75,000, and (2) the litigants must be diverse from one another. *See id.* The plaintiff's complaint makes affirmative statements indicating that neither prong is satisfied here.

First, the plaintiff alleges that $5,000 is at stake in this matter. *See* Compl. at 1 (seeking a "judicious[] [sic] order[] [against the defendants] to pay $5,000.00 reimbursement [sic] to the plaintiff"). This amount is well below the $75,000 required to assert diversity jurisdiction under 28 U.S.C. § 1332(a)(1). *See Tel-Oren v. Libyan Arab Rep.,* 726 F.2d 744, 786 (D.C. Cir. 1984) (Edwards, J. concurring) ("Diversity jurisdiction is unavailable if the amount in controversy is not met."); *Smith v. Am. Gen. Life & Accident Ins. Co., Inc.,* 337 F.3d 888, 897 (7th Cir. 2003) (holding diversity jurisdiction did not exist where state law claim in federal court sought damages of $2,532.56); *McIntosh v. Gilley*, 753 F. Supp. 2d 46, 65 (D.D.C. 2010) (holding that no subject matter jurisdiction existed where plaintiff claimed $63,906.36 in damages). Dismissal based on failure to satisfy the amount in controversy requirement is proper where it appears to a legal certainty that the claim is for less than the jurisdictional amount. *See Rosenboro v. Kim*, 994 F.2d 13, 18 (D.C. Cir. 1993) (dismissing plaintiff's claim where plaintiff failed to "produce evidence supporting a legal uncertainty" that damages could exceed statutory requirement); *see also St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938) ("It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal."). Given that the plaintiff has only asserted a $5,000 claim for reimbursement of a single medical procedure, and makes no other claim for damages against the defendants, it is a legal certainty that the amount in controversy in this matter falls below the statutory minimum for the exercise of subject matter jurisdiction.

Second, the plaintiff's complaint indicates that he and Defendant Kaiser are Maryland citizens. *See* Compl. at 1 (listing Maryland addresses for plaintiff and Defendant Kaiser). The

Supreme Court has held that 28 U.S.C. § 1332(a) requires "complete diversity of citizenship," meaning that "diversity jurisdiction does not exist unless *each* defendant is a citizen of a different State from *each* plaintiff." *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978) (emphasis in original); *see Exxon Mobil Corp. v. Allapattah Services, Inc.,* 545 U.S. 546, 553 (2005) ("In a case with multiple plaintiffs and multiple defendants, the presence in the action of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action."); *In re Lorazepam & Clorazepate Antitrust Litigation*, 631 F.3d 537, 541 (D.C. Cir. 2011) (same). Likewise, this Court has held that diversity jurisdiction "requires complete diversity. Consequently, a case qualifies for diversity jurisdiction in the federal courts only if no two parties on opposite sides of an action are citizens of the same state." *Yueh-Lan Wang ex rel. Wong v. New Mighty U.S. Trust*, 841 F. Supp. 2d 198, 202 (D.D.C. 2012) (internal citations and quotations omitted); *see, e.g., Paul v. Didizan*, 819 F. Supp. 2d 31, 35 (D.D.C. 2011) (holding that common citizenship of plaintiff and defendant deprives court of diversity jurisdiction). Complete diversity is absent here because the Complaint indicates that the plaintiff and Defendant Kaiser are both citizens of Maryland. *See* Compl. at 1.

Since the Complaint shows that the amount in controversy in this action to be less than $75,000 and complete diversity is lacking, the Court must *sua sponte* dismiss this claim for lack of subject matter jurisdiction. *See* FED. R. CIV. P. 12(h)(3).

## IV. CONCLUSION

For the foregoing reasons, this action is dismissed for lack of subject matter jurisdiction.

An appropriate Order accompanies this Memorandum Opinion.

Date: September 16, 2014

_____
BERYL A. HOWELL
United States District Judge